IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, an Ohio banking corporation, successor by merger with Fifth Third Bank, a Michigan banking corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNA L. MALONE and<br>MARK W. ANSTETT,<br><br>    Defendants. | Case No.  1:09-cv-6578<br><br>The Honorable Robert M. Dow, Jr.<br><br>The Honorable Geraldine Soat Brown |

## PLAINTIFF FIFTH THIRD BANK'S MOTION TO APPROVE ALTERNATIVE SERVICE

Plaintiff Fifth Third Bank ("Fifth Third"), by its attorneys, pursuant to Federal Rule of Civil Procedure 4(e) moves this Court to enter an order approving an alternative form of service on defendant Donna L. Malone ("Malone") and in support thereof states as follows:

1.  On October 19, 2009, Fifth Third filed its Complaint against Malone and caused summons to be issued to her at her residence located at 3401 N. Carriageway Drive, Arlington Heights, Illinois.  Dkt. Nos. 1, 4.

2.  On October 24, 2009, Fifth Third, through a process server, attempted to serve Malone at that address but was unable to locate her.  *See* affidavit of process server attached as Exhibit A, ¶1.

3.  On November 5, 2009, Fifth Third attempted to serve Malone again at the Arlington Heights address but determined that she no longer resided at that address.  Ex. A, ¶2.

4.  On November 13, 2009, Fifth Third attempted to serve Malone at her residence located 454 N. Aberdeen, Unit 25, Chicago, Illinois, an apartment building that is surrounded by

1

a fence and has a call box for contacting residents. Ex. A., ¶3. No one answered when the process server called Malone's residence and the process server was informed by a passerby who claimed to be her son-in-law that Malone was not at home but would return on November 18, 2009. Ex. A., ¶3.

5. On November 18, 2009, Fifth Third attempted to serve Malone at her residence located at 454 N. Aberdeen, but no one answered when the process server called her apartment from the call box. Ex. A, ¶4.

6. On November 22, 2009, the process server attempted to serve Malone again at her residence located at 454 N. Aberdeen but no one answered when he called from the call box. Ex. A, ¶ 5. The process server used the call box to call Malone's neighbor who answered on his cell phone, appeared on his balcony where the process server could see him, and agreed to knock on Malone's door to see if she was home. Ex. A, ¶5. While the process server was still on the phone through the call box with the neighbor, the neighbor knocked on Malone's door. Ex. A, ¶5. Through the call box phone connection with the neighbor, the process server heard Malone answer the door and refuse to come down and open the apartment building door for the process server. Ex. A, ¶5. The neighbor then appeared on his balcony, refused to be involved further, and hung up the phone. Ex. A., ¶5.

7. Based on the events described above, Fifth Third believes Malone is evading service, making personal service impractical and necessitating an alternative method of service.

8. Federal Rule of Civil Procedure 4(e) permits service on an individual in a judicial district of the United States to be made by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located." *See* Fed. R. Civ. Pro. 4(e)(1).

2

9. Illinois law permits service on individuals by personally serving the individual or by leaving a copy at the individual's residence with a person who resides there who is over the age of 13 and then mailing a copy to the individual. *See* 735 ILCS 5/2-203(a).

10. If service is impractical under the methods set out in 735 ILCS 5/2-203(a), "the plaintiff may move, without notice, that the court enter an order directing a comparable method of service." *See* 735 ILCS 5/2-203.1.

11. Section 5/2-203.1 requires an affidavit be filed in support of any request for alternative service:

> The motion be accompanied by an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.

*See* 735 ILCS 5/2-203.1. In compliance with this requirement, Fifth Third has attached the affidavit of one of its attorneys, Amy R. Jonker. *See* affidavit attached as Exhibit B.

12. Fifth Third has diligently inquired as to the location of Malone and reasonable efforts to serve her have been unsuccessful. *See* Ex. B, ¶¶3-6.

13. Service on Malone is impractical under 735 ILCS 2-203(a) because Malone refuses to answer when the process server calls through the call box located at her apartment building and refuses to permit a process server entry to the building so that personal service can be affected. *See* Ex. B, ¶6.

14. Malone is currently represented by Hal R. Morris, Jason B. Hirsch, and Konstantinos Armiros of Arnstein & Lehr, LLP, in *Equipment Acquisition Resources, Inc., et al. v. Red Oak Acquisition Fund V LLC*, 1:09-cv-3317 (N.D.Ill. 2009). Fifth Third's attorneys

contacted Malone's attorneys at Arnstein & Lehr and they declined to accept service on her behalf.

15. Illinois courts have suggested that service on a defendant's attorney is a comparable method under 735 ILCS 2-203.1 because an attorney would advise his client that he had been served on the client's behalf. *See In re Schmitt*, 321 Ill.App.3d 360, 367-68, 747 N.E.2d 524 (2d Dist. 2001); *Schmitt v. Schmitt*, 2002 WL 109359 at *1 (N.D.Ill. Jan. 28, 2002)(noting appellate court's approval of service on defendant's former attorney as constitutionally permissible); *Hotel Employees and Restaurant Employees International Union Welfare Fund v. Printer's Row, LLC*, 2006-cv-4630, 2008 WL 514287 (N.D.Ill. Dec. 5, 2008)(Dow, J.)(approving service on defendant's attorney).

16. Where the moving party has satisfactorily made a showing of diligent inquiry by affidavit, a court may order a comparable alternative method of service. *See In re Schmitt*, 321 Ill.App.3d 360, 367-68, 747 N.E.2d 524 (2d Dist. 2001).

17. Fifth Third requests that this Court enter an order permitting Fifth Third to serve Malone by one or a combination of the following methods: (a) mailing a copy of the summons and complaint in a sealed envelope with postage fully prepaid via regular mail addressed to Malone at her residence at 454 N. Aberdeen, Unit 25, Chicago, Illinois 60622; (b) mailing a copy of the summons and complaint in a sealed envelope with postage fully prepaid via regular mail addressed to her in care of her attorneys at Arnstein & Lehr, LLP; (c) delivering a copy of the summons and complaint in a sealed envelope addressed to her in care of her attorneys at Arnstein & Lehr, LLP.

WHEREFORE, plaintiff Fifth Third Bank requests this Court enter an order approving one or a combination of the above referenced alternative forms of service and for any other relief this Court deems just.

Dated: December 11, 2009

Respectfully submitted,

FIFTH THIRD BANK, an Ohio Banking Corporation, successor by merger to Fifth Third Bank, a Michigan Banking Corporation

By: /s/ Amy R. Jonker
One of its Attorneys

Patrick T. Stanton (ARDC #6216899)
Melanie Miles (ARDC #6294469)
Amy R. Jonker (ARDC #6283174)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Phone (312) 876-1700