# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6578 | **DATE** | 8/12/2010 |
| **CASE TITLE** | Fifth Third Bank vs. Malone et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for default and default judgment as to Defendant Mark W. Anstett ("Anstett") [22] is granted. However, for the reasons explained below, the Court defers resolution of Plaintiff's additional request that the Court enter a Rule 54(b) final judgment at this time as to the claims against Anstett. The Court will seek further input from the parties on the Rule 54(b) issue at the hearing on the pending motion [32] that has been noticed for presentment on August 18, 2010, at which time the Court also will address how the case will proceed against Defendant Donna L. Malone.

■[ For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

On May 13, 2002, Plaintiff filed a motion for default and default judgment against Defendant Mark W. Anstett ("Anstett"). Anstett has failed to plead or otherwise defend in this action; accordingly, the Court granted Plaintiff's motion for entry of an order of default on May 19, 2010 [29], but never formally entered a separate order of default in view of Plaintiff's request to submit an additional brief addressing whether entry of a default judgment against Anstett should be entered.

In connection with that issue, the Court requested that Plaintiff address the applicability to this case of the Supreme Court's ruling in *Frow v. De La Vega*, 82 U.S. 552 (1872), and its progeny. The smattering of cases applying the "*Frow* rule" sometimes renders it improper to enter a default judgment against one defendant when a subsequent judgment in favor of other defendants would produce an absurdity. See, *e.g.*, *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 n.40 (7th Cir. 1980) ("We view *Frow* as limited to exclusively joint liability claims or situations where there is a single *res* in controversy.").

In its memorandum [28], Plaintiff correctly points out that the facts of this case do not bring the matter within *Frow*'s limited reach, because the Defendants are not jointly liable and the action is not *in rem*. Accordingly, the Court concludes that it is appropriate to enter a default judgment against Anstett at this time under Rule 55(b) of the Federal Rules of Civil Procedure and requests that Plaintiff submit a proposed default judgment order to the Court's proposed order electronic mail box.

Finally, the Court addresses Plaintiff's additional requests for entry of a final judgment against Anstett under Federal Rule of Civil Procedure 54(b). In general, the Seventh Circuit has cautioned against the overuse of Rule 54(b) "to spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008). The case law involving the scenario here – where one defendant has defaulted and the litigation

| STATEMENT |
|---|
| remains pending on the merits as to the remaining defendant – is sparse. But what little the Court has located seems consistent with the general principle articulated above. See *In re Uranium Antitrust Litig.*, 473 F. Supp. 382, 389 (D.C. Ill. 1979) (speculating as to how the *Frow* case would have been resolved if Rule 54(b) had been in existence at the time that the case was decided and opining that "since the speedy trial of the claims of the remaining defendants indicated that there was good reason to withhold Frow's default judgment for a short time until the entire case was decided"). Applying these principles, however, is complicated by the current state of flux in the progress of the remaining claims against Defendant Malone, which casts in doubt whether the remainder of the case can be resolved within a "short time." In view of those uncertainties, the Court defers resolution of the Rule 54(b) issue and will seek further input from the parties at the hearing on the pending motion [32] that has been noticed for presentment on August 18, 2010. |